UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20 mj 20001- Reid

UNITED STATES OF AMERICA

v.

**RENATO DIAZ-BARRERA,**

Defendant.
_____/

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013? _____ Yes ___X___ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014? _____ Yes ___X___ No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: _____

LACEE ELIZABETH MONK
Assistant United States Attorney
Fla. Bar No. 100322
99 Northeast 4th Street
Miami, FL. 33132-2111
Tel: (305) 961-9427
Fax: (305) 536-4699
Lacee.Monk@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>RENATO DIAZ-BARRERA,<br><br>_Defendant(s)_ | )<br>)<br>)  Case No. 20mj2001-Reid<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __December 31, 2019,__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252(a)(4)(B) | Possession of Child Pornography |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_Complainant's signature_

Timothy Devine, Special Agent, HSI
_Printed name and title_

Sworn to before me and signed in my presence.

Date: 1/2/2020

_Judge's signature_

City and state: Miami, Florida

Lisette Reid, United States Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Timothy Devine, a Special Agent with Homeland Security Investigations ("HSI"), being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I have been a Special Agent ("SA") with HSI since 2010, and am currently assigned to the Cyber Crimes & Child Exploitation Group at the Miami Field Office. In this capacity, I investigate, among other violations of federal law, cases involving the sexual exploitation of children. I am a law enforcement officer of the United States as that term is defined in Title 18, United States Code, Section 2510(7), and am authorized by law to conduct investigations of, and make arrests for, offenses enumerated in Title 18.

2. Prior to my employment with HSI, I was a SA with the United States Secret Service from April 1999 to October 2010. During that time, from 2002 to 2008, I was assigned to the Miami Electronic Crimes Task Force where I specialized in the investigation of internet child exploitation crimes involving trafficking and possession of child pornography, coercion and enticement of minors, and child prostitution.

3. I have received training in the area of child pornography and child exploitation. I have also conducted several child pornography and child exploitation investigations, which have involved reviewing examples in all forms of media including computer media, and have discussed and reviewed these materials with other law enforcement officers.

## STATUTORY AUTHORITY

4. Title 18, United States Code, Section 2252(a)(4)(B) prohibits a person from knowingly possessing, or knowingly accessing with the intent to view, one or more books, magazines, periodicals, films, video tapes, or other matter which contains any visual depiction that

has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct.

## PURPOSE OF THE AFFIDAVIT

5. This affidavit is made in support of a criminal complaint, charging Renato Diaz-Barrera ("BARRERA") with violating Title 18, United States Code, Section 2252(a)(4)(B). I respectfully submit that there is probable cause to believe that on or about December 31, 2019, in the Southern District of Florida, BARRERA possessed child pornography on his cellular phone described as a Samsung A10S, in violation of Title 18, United States Code, Section 2252(a)(4)(B).

6. The information set forth in this affidavit comes from my personal involvement in this investigation, as well as from information provided by other sworn law enforcement officers and other personnel specially trained in the seizure and analysis of computers and other electronic media. This affidavit does not include every fact law enforcement knows about this investigation. Rather, this affidavit contains only those facts necessary to establish probable cause for the issuance of the criminal complaint against BARRERA for the aforementioned criminal violation.

## PROBABLE CAUSE

7. On or about December 31, 2019, BARRERA entered the United States at Miami International Airport via American Airlines Flight 912 from Arturo Merino Benitez International Airport, in Santiago, Chile. Upon disembarking the plane, Customs and Boarder Protection ("CBP") officers selected BARRERA for secondary examination. During the secondary examination, CBP officers inspected BARRERA's personal property, and detained a Samsung

A10S cell phone (the "Target Device"). BARRERA advised CBP Officers that he owned the Target Device.

8. CBP Officers conducted a manual forensic examination of the Target Device and discovered video files of suspected child pornography.

9. Thereafter, HSI Miami forensic agents, pursuant to HSI's border search authority, conducted a preliminary forensic examination of the Target Device. HSI discovered multiple video files of suspected child pornography in a folder entitled "Videosporn," including the following:

    a. File titled **Vid-20180418-WA0063.mp4** which contained a video file depicting a naked preteen female performing oral sex on an adult male

    b. File titled **Vid-20180312-WA0217.mp4,** which contained a video file depicting a minor male performing oral sex on a preteen female

    c. File titled **VID-20180312-WA0194.mp4,** which contained a video file depicting a naked preteen female performing oral sex on a naked preteen female

    d. File titled **VID-20180312-WA0170.mp4**, which contained a video file depicting a naked preteen female spreading her legs exposing her genitals

    e. File titled **VID-20180312-WA0168.mp4**, which contained a video file depicting a naked preteen female engaging in intercourse with an adult male

10. Law enforcement then advised BARRERA of his *Miranda* rights, which he waived verbally and in writing, and interviewed BARRERA. BARRERA again stated that he owned the Target Device and advised that he was previously a participant in a social media group where users shared multiple files of pornography, including child pornography. BARRERA stated he left the aforementioned social media group because he did not like the child pornography files being shared, but saved all of the pornography files from the group to a folder entitled "Videosporn," that BARRERA had created on the Target Device. BARRERA further stated that he saved all the

3

files from the social media group even though it was possible that child pornography files would be included. BARRERA thereafter advised that he knew child pornography was illegal but never deleted the saved child pornography from the Target Device.

## **CONCLUSION**

8. Based upon my training and experience, and based on the facts detailed above, I respectfully submit that there is probable cause to believe that, on or about December 31, 2019, in the Southern District of Florida, BARRERA did knowingly possess a digital device containing visual depictions of a minor engaging in sexually explicit conduct, such depictions having been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, in violation of Title 18, United States Code, Section 2252(a)(4)(B).

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

Timothy Devine
Special Agent
Homeland Security Investigations

Subscribed and sworn before me this January 2, 2020.

Honorable Lisette Reid
United States Magistrate Judge

4